IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**MELVIN PROCTOR, et al.**            *
                                      *
    Plaintiffs            *
                                      *
v.                                    *     Civil No. RWT 07-1957
                                      *
                                      *
**METROPOLITAN MONEY STORE,**         *
**et al.**                            *
                                      *
    Defendants            *
                                 *****

## ORDER

Upon consideration of Defendants Chaudhry and Farahpour's Motions to Dismiss Plaintiffs' Second Amended Complaint [Paper Nos. 162 & 163], Plaintiffs' Motion to Dismiss Counterclaims Filed by Alexander Chaudhry and Ali Farahpour [Paper No. 171], Plaintiffs' Amended Motion to Certify Class [Paper No. 151], and Defendants' Motion to Stay Class Proceedings [Paper No. 164], it is this 7th day of July, 2009, for reasons stated on the record at the hearing held on July 6, 2009, and that will follow in the opinion to be filed, by the United States District Court for the District of Maryland,

**ORDERED** that Defendants Chaudhry and Farahpour's Motions to Dismiss Plaintiffs' Second Amended Complaint [Paper Nos. 162 & 163] are **DENIED**; and it is further

**ORDERED** that Plaintiffs' Motion to Dismiss Counterclaims Filed by Alexander Chaudhry and Ali Farahpour [Paper No. 171] is **GRANTED**; and it is further

**ORDERED** that Plaintiffs' Motion to Strike Counterclaims [Paper No. 172] is **GRANTED**; and it is further

**ORDERED** that Plaintiffs' Amended Motion to Certify Class [Paper No. 151] is

**GRANTED**; and it is further

**ORDERED** that:

1. The Court preliminarily certifies a Class defined as:

All homeowners who entered into an agreement with Joy Jackson ("Jackson"), Jennifer McCall ("McCall"), Kurt Fordham ("Fordham"), Metropolitan Money Store Corp. ("MMS"), and/or Fordham & Fordham Investment Group LTD. ("F&F") whereby (1) title to the principal residence of the homeowners was transferred to a third person with whom Jackson, McCall, Fordham, MMS and/or F&F had an agreement to have an interest in the transferred property, (2) where Jackson, McCall, Fordham, MMS, and/or F&F obtained proceeds that settlement documents indicated were to go to the homeowners, and (3) where the property transfer was settled by Sussex or RTE Title.

The Court also preliminarily certifies a Subclass defined as:

Named Plaintiffs Melvin J. Proctor, Jr., and Nadine M. McKenzie-Proctor and class members who reside in the State of Maryland where the transaction took place during or incident to a proposed foreclosure proceeding against their principal residence.

2. The Court hereby appoints Named Plaintiffs as the representatives of the Settlement Class and appoints Named Plaintiff's Counsel as counsel for the Settlement Class.

3. With respect to the Class, the Court expressly finds and concludes that the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3) are satisfied as: (a) the members of the Class are so numerous that joinder of all Class Members in the Class Action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of the Named Plaintiffs are typical of the claims of the Class; (d) the Named Plaintiffs and Named Plaintiffs' Counsel will fairly and adequately represent and protect the interest of all of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class in individually controlling the prosecution of separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class, (iii) the

desirability or undesirability of continuing the litigation of these claims in the particular forum, and (iv) the likely difficulties managing a Class Action.

  4. A hearing ("Preliminary Approval Hearing") will be held on the 30th day of July, 2009 at 10:00 a.m. to consider other requirements of Fed. R. Civ. P. 23, including the form and manner of notice to be given to members of the class.

  **ORDERED** that Defendants' Motion to Stay Class Proceedings [Paper No. 164] is **DENIED**.

                /s/
               ROGER W. TITUS
               UNITED STATES DISTRICT JUDGE