IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MELVIN J. PROCTOR, JR., et al., | * | |
| Plaintiffs | * | |
| v. | * | CASE NO. 8:07-ev-01957-RWT |
| METROPOLITAN MONEY STORE | * | |
| Defendants | * | |

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF THE
SETTLEMENT BETWEEN THE CLASS AND
THE DEFENDANTS ALEXANDER CHAUDHRY AND ALI FARAHPOUR**

This court previously certified this action as a class by order dated July 8, 2009. The court entered an order on May 24, 2009 [Docket 249] granting preliminary approval of a settlement between the Plaintiffs as class representatives and the Defendants Alexander Chaudhry ("Chaudhry") and Ali Farahpour ("Farahpour").

The May 24, 2010 order directed that notice by mail be sent to the class members. The notice was sent to all class members. See Declaration of Scott C. Borison, Exhibit 1. There have been no opt outs and there have been no objections filed to the settlement. *Id.* This motion is to seek the court to grant final approval of the settlement.

As set forth in the Motion for Preliminary approval, the terms of the settlement with the Defendants Chaudhry and Farahpour can be summarized as follows:

1. The Plaintiffs and Class have filed a proof of claim in the Bankruptcy proceeding. The claim represents the largest claim in the bankruptcy and would entitle the Plaintiffs and class to over 98.7% of any funds available for distribution. The bankruptcy estate will receive the following amounts:

1

      a. a payment from St. Paul, Sussex's insurer in the amount of $293,918.83;

    b. the bankruptcy estate will proceed with a claims process to determine if there are any claims to $918,416.92 of funds held in Sussex's accounts titled as "escrow accounts" when it filed for bankruptcy.

    c. there are some other funds that have been recovered by the bankruptcy estate.

    2. The Defendants Chaudhry and Farahpour provided affidavits asserting that they each of them have less than $30,000 in net assets. As a result, the total funds to be paid by these two Defendants is $40,000.00.

    Since the filing of the preliminary motion, the claims process against the escrow account in the Sussex Bankruptcy has been completed. The total of claims filed against the fund is $1,345,620.30. See Claims Summary attached as Exhibit 2. However, Plaintiffs contend that $1,334,364.30 of the claims are bogus. The legitimate claims total $11,255.70. The claims that comprise the $1,334,364.30 of claims which the Plaintiffs assert are bogus are claims allegedly filed by class members through an attorney, Stan Brown.

    Plaintiffs have filed objections to all of these claims in the bankruptcy court. In their objections, the Plaintiff asserted various grounds for the bankruptcy court to strike the claims. For instance, in the case of the claim allegedly filed on behalf of Demetrious Braxton, Mr. Braxton notified class counsel that he did not submit any claim nor did he ever sign the claim that was submitted on his behalf. See Objection to Braxton Claim and Exhibits attached as Exhibit 3.

    Additionally, the other grounds for the objection to the claims filed by Stan Brown include that the claims procedure was limited to claims against funds held in escrow. The claims

filed by Stan Brown are general claims against the state. The deadline for the filing general claims passed and the claimants who are the subject of the objection never filed timely general claims. See Exhibit 3.

In the end, after the objections are adjudicated, the Plaintiffs anticipate that the funds remaining in the escrow accounts will be at least $907,161.22. There will be administrative expenses to be paid from these bankruptcy funds. At this time, the expenses are estimated at approximately $225,000. This amount is based on the interim application for fees and expenses filed by the Trustee's counsel and future amounts sought as administrative expenses. 1

In summary, the Plaintiffs anticipate that the settlement will result in the following for the class:

| | |
|---|---|
| Payments from Chaudhry and Farahpour | $ 40,000.00 |
| Payments from Bankruptcy claim [2] | $976,080.00 |
| TOTAL | $1,016,080.00 |

As set forth in the memorandum filed contemporaneously with this motion, the settlement is fair and adequate under the circumstances. Accordingly, the Plaintiffs seek final approval of the settlement.

Respectfully submitted,

_/s/_____
SCOTT C. BORISON (Bar No. 22576)
JANET LEGG (Bar No. 15552)
Legg Law Firm, LLC

---

[1] The Plaintiffs are not endorsing the amounts sought by the Trustee's counsel. The Plaintiffs have until July 14, 2010 to assert any objections to the fees sought by the Trustee's counsel.
[2] This is based on the sum of the St. Paul payment and the escrow account funds after payment of legitimate claims less the estimated $225,000 administrative expenses. There may be other funds available for distribution through the bankruptcy estate.

        5500 Buckeystown Pike
        Frederick, MD 21703
        (301) 620-1016
        FAX: (301)620-1018
        borison@legglaw.com
        legg@legglaw.com

        PETER A. HOLLAND (Bar No. 10866)
        The Holland Law Firm, P.C.
        1410 Forest Drive, Suite 21
        Annapolis, Maryland 21403
        (410) 280-6133
        FAX: (410) 280-8650
        peter@hollandlawfirm.com
        ben@hollandlawfirm.com

        PHILLIP R. ROBINSON (Bar No. 27824)
        Civil Justice, Inc.
        520 West Fayette Street, Suite 410
        Baltimore, Maryland 21201
        (410) 706-0174
        FAX: 410-706-3196
        probinson@civiljusticenetwork.org


        ATTORNEYS FOR PLAINTIFF AND THE CLASS


## CERTIFICATE OF SERVICE

     This is to certify that a true and correct copy of the foregoing was served on the Defendants through the Court's electronic case filing system when it was filed with the Court electronically.

        _/s/_____
        Scott C. Borison