**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| **MELVIN J. PROCTOR, JR.,** *et al.,* | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | Case No.: RWT 07cv1957 |
| | * | |
| **METROPOLITAN MONEY STORE CORP.,** *et al.,* | * | |
| | * | |
| Defendants. | * | |
| | * | |

## **ORDER**

Upon consideration of Plaintiffs' Motion for Final Approval of the Settlement Between the Class and the Defendants Alexander Chaudhry and Ali Farahpour (Paper No. 252), Plaintiffs' Petition for Award of Incentive Payments to Plaintiffs and for Attorney's Fees and Costs for Class Counsel (Paper No. 253), and all documents attached to Plaintiffs' motions, as well as the arguments of counsel presented at the hearing conducted before the undersigned on July 7, 2010, it is, this 7th day of July, 2010, by the United States District Court for the District of Maryland, **ORDERED** as follows:

1. The Court finds that the notice that has been provided pursuant to the Settlement Agreement, Paper No. 244-2, and the Order Granting Preliminary Approval of Notice, Settlement with Defendants Alexander Chaudhry and Ali Farahpour and Setting a Final Approval Hearing and Other Dates, Paper No. 249, (a) provided the best practicable notice; (b) was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed Settlement, and their right to appear or object to or exclude themselves from the proposed Settlement; (c) was reasonable and constituted due, adequate, and sufficient notice to

all persons entitled to received notice; and (d) fully complied with all applicable due process requirements and any other applicable law.

2. The Court finds that (a) full opportunity was given to the Class members to opt out of the Settlement, object to the terms of the Settlement or to Class Counsel's request for attorney's fees and expenses, and otherwise participate in the Final Approval Hearing held on July 7, 2010; and (b) no objections were received to the Settlement and there is no reason to disapprove of the Settlement Agreement, Class Representatives' request for incentive payments, and Class Counsel's request for attorney's fees and expenses.

3. Having carefully considered the materials before it and exercising its independent judgment the Court finds that the terms and conditions of the Settlement constitute a good faith compromise of disputed claims and defenses and are the product of arm's length bargaining among the Parties.

4. Accordingly, the Settlement is **APPROVED** as fair, reasonable, and adequate, and in the best interests of the Class Members.

5. The Parties are directed to consummate the Settlement in accordance with its terms and provisions.

6. All Class Members shall be deemed to be bound by the Order and Final Judgment entered herein and to have released Defendants Chaudhry and Farahpour from all of the released claims defined in the Settlement Agreement.

7. A common fund is established for the funds received through this settlement. The common fund shall consist of the funds paid by Chaudhry and Farahpour and the funds received from the Sussex Title, LLC bankruptcy proceeding based on the class claim filed therein.

8. The distribution of the common fund generated by this settlement will take into account that the class members who participated in the class certified against Regional Title & Escrow, LLC ("RTE") received payments from that proceeding. The common fund shall be used (a) first, to pay any allowed incentive payments, attorneys fees, and costs; (b) second, to pay each class member (on a per property basis) who was not a member of the RTE class, an amount equal to the distribution previously paid to RTE class members; and (c) third, to pay all class members, on a per property basis, equal shares of any funds remaining after the above.

9. The Court finds that Class Representatives Melvin Proctor, Nadine McKenzie Proctor, and Dinah Simon are each entitled to an incentive payment of five thousand dollars ($5,000) from the common fund.

10. The Court finds that Class Counsel are entitled to an award of attorney's fees equal to 35% of the common fund recovered for the Class and also to recover their costs in the amount of thirty-six thousand, seven hundred and ninety-four dollars, and thirty cents ($36,794.30).

11. The Court finds that the fees and expenses were warranted and fair and reasonable under the factors set forth in *In re: Abrams & Abrams, P.A.*, 605 F.3d 238, 243-49 (4th Cir. 2010).

12. Without affecting the finality of the Final Order and Judgment in any way, the Court reserves continuing and exclusive jurisdiction over the Parties and their counsel, including all Settlement Class Members, and the execution, consummation, administration, effectuation, and enforcement of the terms of the Settlement Agreement, and terms of this Order and Final Judgment, including entry of any further orders as may be necessary and proper.

IT IS SO ORDERED.

<u>July 7, 2010</u>                                         <u>            /s/            </u>
Date                                                  Roger W. Titus
                                                      United States District Judge